UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| K.B., PPA Tammy L. Bradshaw, TAMMY L. BRADSHAW, and KEITH D. BRADSHAW, | * * * * | |
| Plaintiffs, | * * * | |
| v. | * * * | Civil Action No. 23-cv-12030-ADB |
| UNITED STATES OF AMERICA, CHRISTINE J. TROPEANO, R.N., TUTASI K. WATERS, M.D., AND BROCKTON HOSPITAL D/B/A SIGNATURE HEALTHCARE CORPORATION, | * * * * * * * | |
| Defendants. | * | |

**MEMORANDUM AND ORDER**

BURROUGHS, D.J.

On May 1, 2023, Plaintiffs, Tammy L. Bradshaw ("Mrs. Bradshaw"), Keith D.

Bradshaw, and K.B., by and through his parent and next friend Tammy L. Bradshaw,

(collectively, the "Plaintiffs"), filed this personal injury action in state court against Michelle T.

Hoffman, C.N.M. ("Hoffman"), Christine J. Tropeano, R.N. ("Tropeano"), Tutasi K. Waters,

M.D. ("Waters"), and Brockton Hospital D/B/A Signature Healthcare Corporation ("Brockton

Hospital") (collectively, the "Defendants"), alleging that their negligent medical care of Mrs.

Bradshaw during childbirth resulted in long-term physical and cognitive injuries to her child,

K.B. See generally [ECF No. 1-3 ("Complaint" or "Compl.")]. Former Defendant Hoffman

removed the case to this Court asserting that she was covered under the Federal Tort Claims Act

("FTCA"), 28 U.S.C. §§ 1346(b), 2401(b) and 2671–80, by virtue of her employment by the
Brockton Neighborhood Health Center ("BNHC"), a federally supported health care center
subject to the Federally Supported Health Centers Assistance Act (the "Health Centers Act"), 42
U.S.C. § 233.  [ECF No. 5 ("Removal Notice")].  Thereafter, the Court granted Hoffman's
motion to substitute the United States as the proper party defendant, [ECF Nos. 7, 14].

Presently before the Court is the United States' motion to dismiss the Complaint, as it
relates to the counts originally asserted against Hoffman, for lack of subject-matter jurisdiction
and failure to state a claim,[1] [ECF No. 8], which Plaintiffs opposed on February 6, 2024, [ECF
No. 10.  For the reasons set forth below, the government's motion to dismiss, [ECF No. 8], is
GRANTED.

I.    **BACKGROUND**

A.    **Factual Background**

**1. Mrs. Bradshaw's Medical Treatment and K.B.'s Birth**

The Complaint offers a sparse recitation of the facts at issue.  See generally [Compl.].
The following facts are taken from the Complaint, Plaintiffs' Statement Pursuant to Rule 29,
[ECF No. 11-1 at 22–26 ("Rule 29 Statement")], which was filed together with the Complaint on
May 1, 2023, see [id. at 21; ECF No. 6-1 at 32], as well as attested copies of the medical records

---

[1] Counts I through VI assert claims against Hoffman.  [Compl. at 1–5].  Specifically, Plaintiffs
allege that Hoffman provided negligent medical care by failing to (i) respond in a timely manner
to the fetus's decelerating heart rate; (ii) complete or call the attending obstetrician to complete a
c-section at an earlier time; (iii) recognize the need to perform a fetal scalp electrode after noting
prolonged decelerations; (iv) administer a uterine pressure catheter; and (v) advocate for an
immediate emergency cesarean section at 01:56 AM.  [ECF No. 11-1 at 23].

submitted during the proceedings in Plymouth County Superior Court, [ECF Nos. 6-1, 6-2, and 6-3].[2]

On June 5, 2020, Mrs. Bradshaw was admitted to Brockton Hospital for a planned induction. [ECF No. 6-2 at 2]. While at Brockton Hospital, several medical staff observed and treated Mrs. Bradshaw. See generally [Compl.]. As relevant here, Mrs. Bradshaw received prenatal care and treatment from Hoffman, a certified nurse midwife, [id. at 1], starting at around 9:00 AM on June 6, [ECF No. 6-2 at 13], seemingly until she gave birth to K.B., see [Compl. at 1–5; Rule 29 Statement at 23].

By approximately 1:00 AM on June 7, the fetal heart rate had begun to decelerate. See [ECF No. 6-1 at 33; ECF No. 6-2 at 5–6, 8]. The medical records indicate that by 1:46 AM the fetus presented "prolonged and variable decelerations." [ECF No. 6-2 at 7].

Mrs. Bradshaw gave birth to K.B. by an emergency cesarean at approximately 2:25 AM on June 7. [ECF No. 6-3 at 92]. During childbirth, Mrs. Bradshaw suffered a uterine rupture. [Id.].

K.B.'s condition at delivery was "limp and apneic." [ECF No. 6-3 at 76]. K.B. required resuscitation, [id. at 96], was intubated twice within the first sixty minutes of his life, and exhibited symptoms of a seizure approximately two hours after his birth, [id. at 95, 98]. Later that morning, at around 6:45 AM, K.B. was admitted to Tufts Medical Center's neonatal

---

[2] Although "[o]rdinarily, . . . any consideration of documents not attached to the complaint, or not expressly incorporated therein, is forbidden[] unless the proceeding is properly converted into one for summary judgement," courts "have made narrow exceptions for documents the authenticity of which are not disputed by the parties; . . . for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint." Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993). The medical records here are central to Plaintiffs' claims and are not in dispute. Accordingly, in order to provide a more fulsome factual background, the Court references these medical reports.

intensive care unit "for," among other things, "therapeutic hypothermia for moderate to severe neonatal encephalopathy and concern for seizures." [Id. at 96].  On July 14, 2020, K.B. was discharged from the hospital.  [Id. at 109].

### 2. Federal Status of BNHC and Hoffman's Employment Status

The BNHC, a "federally supported health center[]," see [ECF No. 7-1 (the "Christofferson Declaration" or "Christofferson Decl.") ¶¶ 2, 3], is "deemed a federal employee[] of the US Public Health Service for purposes of professional liability coverage." [ECF No. 11-1 at 28 (Email from S. Halloran to F. Carey, dated June 13, 2023)].  As such, the BNHC has been deemed "eligible for [FTCA] malpractice coverage" since January 1, 2020.  See [Christofferson Decl. ¶¶ 2, 5].  Because at the time of the events alleged in the Complaint, Hoffman was an employee of the BNHC, [id. ¶ 6], and therefore had federal status for FTCA purposes, [Removal Notice ¶ 3; ECF No. 11-1 at 28 (Email from S. Halloran to F. Carey, dated June 13, 2023)], any claims of negligence against him must be brought pursuant to the FTCA, [42 U.S.C. § 233(a); Removal Notice ¶¶ 3–4], which requires that an administrative claim be filed within two years of the alleged events.  28 U.S.C. § 2401(b).

### 3. Actual Notice to Plaintiffs' Counsel of BNHC and Hoffman's Status Within the FTCA's Two-Year Presentment Period

Plaintiffs' counsel learned that Hoffman was a federal employee on June 13, 2023, when the BNHC's Director of Compliance reached out to counsel to acknowledge receipt of the summons issued to Hoffman.  [ECF No. 1-1 at 28 (Email from S. Halloran to F. Carey, dated June 13, 2023)].

On or about June 14, 2023, shortly after learning that Defendant Hoffman was a federal employee and therefore subject to the procedural requirements of the FTCA, Plaintiffs' counsel, nearly three years after K.B.'s birth, filed an administrative complaint with the United States

4

Department of Health and Human Services ("HHS").  [ECF No. 11-1 at 30–34 (Letter from F. Carey to HHS); Christofferson Decl. ¶ 4].[3]

## II.   LEGAL STANDARD

### A.   12(b)(1) Motions and the FTCA

The Court notes, as a preliminary matter, that the Supreme Court has held that the FTCA's two-year statute of limitations is nonjurisdictional.  United States v. Wong, 575 U.S. 402, 420 (2015).  Consequently, courts in the First Circuit have determined that "motions to dismiss based on the FTCA's statute of limitations should now be brought under [Rule] 12(b)(6) (failure to state a claim upon which relief can be granted), or considered pursuant to Rule 56 (summary judgment)."  Morales-Melecio v. United States, 890 F.3d 361, 367 (1st Cir. 2018); see also Holloway v. United States, No. 15-cv-30016, 2015 WL 13229224, at *1 (D. Mass. Oct. 30, 2015) (recommending that "converting Defendant's motion into one for summary judgment" was proper, "as the parties were constructively aware of the potential for conversion and had reasonable opportunity to present all material made pertinent to a Rule 56 motion on such grounds.") (internal quotation and citation omitted), R&R adopted, 2016 WL 1060835 (D. Mass. Mar. 17, 2016), aff'd, 845 F.3d 487 (1st Cir. 2017).  Here, because the "relevant date[] [of the alleged injury] [is] . . . evident in the complaint," the Court will consider Defendant's timeliness objection under the Rule 12(b)(6) standard.  Duke v. Cmty. Health Connections, Inc., 355 F.

---

3 The Court notes a discrepancy between the parties as to when the administrative tort claim was filed.  The correspondence between Plaintiffs' counsel and HHS indicates that Plaintiffs filed the claim electronically on June 14, 2023.  [ECF No. 11-1 at 30].  The Christofferson Declaration, provides that Plaintiffs' administrative tort claim was submitted on June 22, 2023. [Christofferson Decl. ¶ 4].  The discrepancy is immaterial here and does not affect the Court's analysis of the timeliness of the administrative claim.

Supp. 3d 49, 54 (D. Mass. 2019) (citing Ritchie v. United States, 210 F.Supp.2d 1120, 1123

(N.D. Cal. 2002)).

### B.      12(b)(6) Standard

In reviewing a motion to dismiss under Rule 12(b)(6), the Court must accept all well-pled

facts as true, analyze those facts in the light most favorable to the plaintiff, and draw all

reasonable factual inferences in favor of the plaintiff.   See Gilbert v. City of Chicopee, 915 F.3d

74, 76, 80 (1st Cir. 2019).  "[D]etailed factual allegations" are not required, but the complaint

must set forth "more than labels and conclusions," Bell Atl. Corp. v. Twombly, 550 U.S. 544,

555 (2007), and must contain "factual allegations, either direct or inferential, respecting each

material element necessary to sustain recovery under some actionable legal theory," Gagliardi v.

Sullivan, 513 F.3d 301, 305 (1st Cir. 2008) (quoting Centro Medico del Turabo, Inc. v. Feliciano

de Melecio, 406 F.3d 1, 6 (1st Cir. 2005)).  The alleged facts must be sufficient to "state a claim

to relief that is plausible on its face." Twombly, 550 U.S. at 570.

## III.    DISCUSSION

The FTCA allows lawsuits against the United States for personal injuries caused by a

government employee's negligence under circumstances in which a private individual would be

liable under the law of the state in which the negligent act or omission occurred.  28 U.S.C.

§ 1346(b)(1).  The FTCA is the exclusive remedy for any action against an employee of the U.S.

Public Health Service who acts within the scope of his or her office or employment.  42 U.S.C.

§ 233(a); see also Camerano v. United States, 196 F. Supp. 3d 172, 180 (D. Mass. 2016).

Before a plaintiff can bring suit under the FTCA, however, certain conditions must be

met, including that prior to filing suit and within two years of the claim accruing, an

administrative claim in writing must be made to the appropriate federal agency.  28 U.S.C. §

6

2401(b).  If this requirement is not met, "[a] tort claim against the United States shall be forever barred."  Id.

Defendant argues that the Complaint, as it pertains to the United States, should be dismissed for failure to state a claim for two reasons.[4]  [ECF No. 9 at 3–5].  First, Plaintiffs filed their complaint before making an administrative complaint as required by the FTCA and, second, the two-year limitations period had already expired by the time they submitted the tort claim to HHS in June 2023.  [ECF No. 9 at 3–5].  Plaintiffs respond that they had "no way" of knowing that Hoffman was a federal employee and "*not* a Brockton Hospital employee."  [ECF No. 11 at 6 (emphasis in the original)].  "[A]ll medical records," they contend, "represented that the Plaintiffs were treated by employees working at either Signature Medical Group, and/or hospital affiliation Brockton Hospital, and/or Brockton Hospital, which was D/B/D Signature Healthcare Corporation."  [Id.]  Hoffman's federal employment status was therefore "unknowable" to Plaintiffs without "the benefit of discovery."  [Id. at 7 (emphasis removed)].  In such unique circumstances, Plaintiffs maintain, "the statute of limitations clock does not begin to run until the plaintiff knows of the factual basis of both injury and its cause," which in this case was June 13, 2023, when they learned that Hoffman was a federal employee.  [Id. (quoting Morales-Melecio, 890 F.3d at 368)].  While not explicitly referring to it as such, Plaintiffs thereby invoke the discovery rule exception for FTCA claims.

Generally, "a tort claim under the FTCA accrues when a plaintiff is injured."  Morales-Melecio, 890 F.3d 361 at 368 (citing Ramírez-Carlo v. United States, 496 F.3d 41, 46 (1st Cir. 2007)).  Under the discovery rule exception, which seeks to protect putative plaintiffs whose

_____

[4] While Defendant advances the timeliness objection on jurisdictional grounds, it also "makes the same arguments for dismissal . . . under Rule 12(b)(6)."  [ECF No. 9 at 5].

injuries may be latent and not readily apparent in the medical malpractice context, see United States v. Kubrick, 444 U.S. 111, 120 n.7 (1979) (quoting Restatement (Second) of Torts § 899 cmt. E (1979)), a claim accrues only when a plaintiff has knowledge of both the existence of the injury and what caused the injury, Mello v. United States, 435 F. Supp. 3d 327, 329 (D. Mass. 2020); see also Sanchez v. United States, 740 F.3d 47, 52 (1st Cir. 2014); Skwira v. United States, 344 F.3d 64, 76–78 (1st Cir. 2003), cert. denied, 542 U.S. 903 (2004).  Notably, for a claim to accrue in the medical malpractice context, a putative plaintiff does not need to know whether "his injury was negligently inflicted," Sanchez, 740 F.3d at 52, or whether a physician or hospital is a federal employee, Morales-Melecio, 890 F.3d at 369 (quoting Skwira, 344 F.3d at 76).  Rather, once a putative plaintiff is "aware of the probable cause and the existence of the injury, . . . [he] bears the burden of seeking further advice from the medical and legal communities to decide whether he has a viable course of action." Morales-Melecio, 890 F.3d at 368; see also Mello, 435 F. Supp. 3d at 329 (concluding that plaintiff who sustained a third-degree burn during an acupuncture treatment was aware that "he had suffered *some* injury related to his treatment," and thus bore "'the responsibility of inquiring among the medical and legal communities whether [he] was wronged and should take legal action,'" (emphasis in the original) (quoting Gonzalez v. United States, 284 F.3d 281, 289 (1st Cir. 2002))).  The inquiry under the discovery rule is an objective one, as it assesses whether a "person similarly situated to the plaintiff would have discovered necessary facts [namely, whether an injury exists and what caused it] in the exercise of reasonable diligence." Dominguez v. United States, 799 F.3d 151, 153 (1st Cir. 2015) (citing Sanchez, 740 F.3d at 52).

Plaintiffs here cannot avail themselves of the discovery rule exception.  There is no suggestion in the Complaint or in their opposition to the instant motion that Plaintiffs did not

know that an injury occurred in June 2020, or that they only learned of it later.  See generally [Compl; ECF No. 11 (stating that K.B. "suffered severe, permanent, and life-altering injuries at birth," [id. at 8)]).  The fact that Plaintiffs were unaware of Hoffman's federal employee status has no bearing on their claim's accrual.  See Skwira, 344 F.3d at 77 (noting that "in the medical malpractice context[] . . . one need not know of a governmental causal connection for a claim to accrue under the FTCA.").  Thus, because the date of the alleged injury, namely hypoxic ischemic encephalopathy, [Rule 29 Statement at 23], and its cause, Hoffman's purported failure to adequately respond to the fetus' worsening condition by doing an emergency cesarean section, [id.], are not at issue, it is clear, in turn, that the statute of limitations expired on or around June 7, 2022.

In construing the facts in the Complaint in the light most favorable to Plaintiffs' cause, the Court also finds that a person similarly situated to Plaintiffs "would have discovered necessary facts in the exercise of reasonable diligence."  Dominguez, 799 F.3d at 153.  As the medical records from Brockton Hospital indicate, see [ECF Nos. 6–1, 6–2, 6–3], K.B.'s injury at the time was "both known and chronicled," Sanchez, 740 F.3d at 52, and led to his treatment at Tufts Childrens Hospital's neonatal care unit, see, e.g., [ECF No. 6-3 at 92–97].  Here, the "medical record [] provided continuing notice of both the injury [neonatal encephalopathy] and even the probable cause of the injury," [the fetus' decelerating heart rate, the emergency cesarean, K.B.'s breathing difficulties], see generally [ECF Nos. 6–1, 6–2, 6–3]], T.L. ex rel. Ingram v. United States, 443 F.3d 956, 963 (8th Cir. 2006), abrogated on other grounds by Wong, 575 U.S. 402.  Even if Plaintiffs did not have access to the full medical record at the time, given K.B.'s serious condition and subsequent transfer to Tufts Childrens Hospital, they were "aware that [K.B.] had suffered *some* injury related to [his birth]."  Mello, 435 F. Supp. 3d

at 329 (emphasis in original).  The factual basis for the tort claim was therefore not "'inherently unknowable' [to a reasonable person] at the time of injury."  Attallah v. United States, 955 F.2d 776, 780 (1st Cir. 1992); see also Ingram, 443 F.3d at 962–63 (finding that once plaintiff was informed of her daughter's brain injury after delivery, "she was on notice of the injury").  The Court finds no basis to apply the discovery rule exception under these circumstances.  Thus, the claims originally brought against Hoffman must be dismissed.

## IV.    CONCLUSION

While this Court is sympathetic to K.B.'s circumstances, it must grant the government's motion.  Because Plaintiffs did not file their administrative claim until June 2023, more than one year after the FTCA statute of limitations had lapsed, this Court dismisses the Complaint as it relates to Hoffman or the United States standing in his place.  The motion to dismiss is therefore GRANTED.

**SO ORDERED.**

May 24, 2024

*/s/ Allison D. Burroughs*
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE

10